02D01-2401-CT-000054
Allen Superior Court
Filed: 1/19/2024 1:55 PM
Clerk
Allen County, Indiana
JA

USDC IN/ND case 1:24-cv-00053-HAB   document 9   filed 01/19/24   page 1 of 9

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE ALLEN SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF ALLEN | ) | CAUSE NO._____ |

| | |
|---|---|
| ALICEJAI M. BROOKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LUTHERAN LIFE VILLAGES HOME | ) |
| HEALTHCARE, INC., | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Comes now Plaintiff, by counsel, and alleges against the Defendants as follow:

1. The Plaintiff is Alicejai M. Brooks, who is a former employee of the Defendant.

2. The Defendant is Lutheran Life Villages Home Healthcare, Inc., d/b/a "Lutheran Life Villages", (LLV), a company doing business at 6701 S. Anthony Blvd., Fort Wayne, IN 46816.   The Defendant's registered agent is Alex Kiefer, at 6701 S. Anthony Blvd., Fort Wayne, IN 46816.   At all material times to this Complaint, the Defendant was an "employer" for the purposes of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 200e et seq. ("Title VII"), the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111 et seq. ("ADA"), and the amendments to the ADA.

3. The Plaintiff filed a Charge of Discrimination with the EEOC, No. 470-2023-03661 on May 26, 2023, a copy of which is attached hereto, incorporated herein, and made a part hereof as exhibit "A".   The EEOC issued its determination and Notice of Rights/Notice of Suit Rights on November 27, 2023, a copy of which is attached hereto and made a part hereof as exhibit "B".   All required administrative remedies have been

–1–

EXHIBIT D

Doc ID: b7b02ad374e7e7f7d91ab20c2791bbd4ea869a41

exhausted, and all jurisdictional prerequisites have been met for the filing of this lawsuit.

4. The Plaintiff began her employment with the Defendant on or about September 22, 2022. She was administratively terminated in February 2023, and then again terminated on about March 10, 2023. She held the position of Qualified Medication Aide. The Plaintiff performed within the reasonable expectations of the Defendant at all material times to this Complaint.

5. At the time of hire, the Plaintiff informed the Defendants representative that she was pregnant. After her job began, unfortunately, the Plaintiff experienced significant medical complications with her pregnancy, which constituted a disability/perceived disability/record of impairment for the purposes of the ADA, including limits on her ability to lift heavy weight.

6. The Plaintiff requested that the Defendant grant her reasonable accommodations for her pregnancy and pregnancy-related impairment. Among the requested accommodations was the request that the Defendant comply with a 40-pound weight restriction imposed on the Plaintiff by her physician, regarding her pregnancy and pregnancy related disability. Initially the Defendant granted the Plaintiff her requested reasonable accommodations, including for the weight restriction. Later, the Defendant rescinded the accommodations, without explanation.

7. Had the Defendant not discontinued the reasonable accommodations, including the accommodation relating to the Plaintiffs limitation on lifting, the Plaintiff would have still been able to fulfill all the major functions of her position. The Plaintiffs primary

Doc ID: b7b02ad374e7e7f7d91ab20c2791bbd4ea869a41

duties and responsibilities for example, involved dispensing medication, checking vitals, and checking patients for wounds or injuries.  She was not required to lift the Defendants residents, carry them, nor by information and belief, to "break their fall" should they fall in their presence.

8. The Defendant offered the Plaintiff a laundry duty position, but the position would have violated the Plaintiffs work restrictions, and overall resulted also in the Plaintiff suffering in decrease in pay, so the Plaintiff had no other choice but to decline transfer into the position.

9. Prior to the Plaintiff's final termination, the Defendant removed the Plaintiff from the work schedule, for turning in her light duty assignments.   The Plaintiff complained to the Defendant that she was being retaliated against.  The Defendant then gave the Plaintiff her position with the requested reasonable accommodations, permitting the Plaintiff to work three days, but then suddenly taking the Plaintiff off the schedule all together.   The Defendants explanation to the Plaintiff for taking her back off the work schedule, was "we don't want to be sued again".

10. The Plaintiff was effectively terminated, due to her pregnancy, her disability, and request for reasonable accommodations for the disability.

11. The Plaintiff contends that the Defendant discriminated against her, failed to engage in the interactive process with her, denied her reasonable accommodations, and retaliated against her on the bases of her sex and pregnancy (pregnant female) and/or her disability/perceived/disability/record of impairment, in violation of the Plaintiffs federally protected rights under Title VII and/or the ADA.  The Defendants unlawful

Doc ID: b7b02ad374e7e7f7d91ab20c2791bbd4ea869a41

discriminatory and/or retaliatory conduct was the direct and proximate cause of the Plaintiff suffering the loss of her job- and job-related benefits including income, and the Defendant also subjected the Plaintiff to inconvenience, mental anguish, emotional distress, and other damages and injuries.

12. The Defendants complained of discriminatory and/or retaliatory conduct was intentional, knowing, willful, wanton, and in reckless disregard of the Plaintiffs federally protected rights under Title VII and/or the ADA. Imposition of punitive damages is there for appropriate.

WHEREFORE, Plaintiff by counsel, respectfully request judgement against the Defendant, for compensatory damages, punitive damages, reasonable attorney's fees and cost, and for all other just and proper relief in the premises.

**JURY DEMAND**

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

**VERIFICATION**

I, Alicejai M. Brooks, swear and affirm under the penalties for perjury that the above and foregoing representations are true and correct based upon my personal knowledge.

_____
Alicejai M. Brooks

–4–

Doc ID: b7b02ad374e7e7f7d91ab20c2791bbd4ea869a41

Respectfully submitted,

**MYERS SMITH WALLACE, LLP**

<u>/s/ Christopher C. Myers</u>
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone: (260) 424-0600
Facsimile: (260) 424-0712
E-mail: cmyers@myers-law.com
*Counsel for Plaintiff*

Doc ID: b7b02ad374e7e7f7d91ab20c2791bbd4ea869a41

02D01-2401-CT-000054

Filed: 1/19/2024 1:55 PM
Clerk
Allen County, Indiana

USDC IN/ND case 1:24-cv-00053-HAB document 9 filed 01/19/24 page 6 of 9

Allen Superior Court
2023-05-31

EEOC Form 5 (11/09)

**EEOC**
**INDIANAPOLIS DISTRICT OFFICE**

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA [X] EEOC | 470-2023-03661 |

**Equal Employment Opportunity Commission**
State or local Agency, if any                and EEOC

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| AliceJai M. Brooks | (260) 760-2164 | 11/30/1989 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2924 Homedale | Fort Wayne, IN 46816 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Lutheran Life Villages Home Healthcare, Inc. | | |

| Street Address | City, State and ZIP Code |
|---|---|
| 6701 S. Anthony Blvd., | Fort Wayne, IN 46816 |

| Registered Agent | | |
|---|---|---|
| Lutheran Life Villages Home Healthcare, Inc. c/o Alex Kiefer | | |

| Street Address | City, State and ZIP Code |
|---|---|
| 6701 S. Anthony Blvd., | Fort Wayne, IN 46816 |

DISCRIMINATION BASED ON (Check appropriate box(es).)

[ ] RACE  [ ] COLOR  [X] SEX Title VII (Female)/Pregnancy  [ ] RELIGION  [ ] NATIONAL ORIGIN

[X] RETALIATION  [ ] AGE  [X] DISABILITY/ADA  [ ] GENETIC INFORMATION

[ ] OTHER

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 10/29/2022
Latest: 02/27/2023, 03/10/2023

[X] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I.  Complainant AliceJai M. Brooks was hired by Respondent Luther Life Villages Home Healthcare, Inc. ("LLVHH") on or about September 22, 2022 and was administratively terminated in February 2023 and again on March 10, 2023. Complainant alleges that she was discriminated against, retaliated against and terminated on account of her sex (female)/pregnancy, as well as her disabilities caused by complications with her pregnancy, all in violation of Title VII of Civil Rights Act of 1964, 42 U.S.C § 2000e et seq ("Title VII") and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111 et seq ("ADA") and the Disability Act Amendments.

II. Complainant knew she was pregnant when she was hired and told LLVHH that she was pregnant. Her pregnancy had significant complications and her physician-imposed work restrictions. Complainant provided work restrictions to LLVHH and requested reasonable accommodations—which were originally given by respondent. But inexplicably, LLVHH took the reasonable accommodations away. Complainant had been provided light duty, but that accommodation was discontinued without explanation. Then, Respondent gave Complainant a laundry position paying

Continue on Page 2

less money which violated Complainant's work restrictions, and Complainant had no other choice but to decline that position. Previously, Complainant had been removed from the work schedule for turning in her light duty assignment. After Complainant complained of retaliation, Respondent gave Complainant her position with accommodations and Complainant work three days with those accommodations but then Respondent suddenly removed Complainant from the schedule. And the reason given was, "we don't want to be sued again."

III. In essence Complainant was effectively terminated because of her pregnancy and because she sought reasonable accommodation's (that had once been given but had been suddenly taken away). Complainant alleges that she was discriminated against and filed on account of her sex/pregnancy and because of her disability and because she sought reasonable accommodations. While Complainant engaged in the interactive process, Respondent failed to engage in the interactive process and retaliated against Complainant by firing her for seeking (and briefly obtaining) reasonable accommodations under the ADA which allowed her to continue her work with Respondent. Complainant was taken off the schedule and effectively fired, and she was administratively fired in February 2023 and again around March 10, 2023.

IV. As a result of Respondent's discrimination, retaliation, and termination of the Complainant because of her sex/pregnancy and her disability under the ADA, and because Respondent retaliated against Complainant for engaging in the interactive process and requesting reasonable accommodations (and after briefly granting those accommodations and suddenly taking them away for no good reason), Complainant lost her job- and job-related benefits including income. Complainant requests pecuniary damages, compensatory damages for humiliation, embarrassment, mental anguish, emotional distress, inconvenience, and other damages and injuries. Because Respondent acted intentionally and in reckless disregard of Complainant's federally protected civil rights, Complainant seeks punitive damages.

---

want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – When necessary for State and Local Agency Requirements

I declare under penalty of perjury that the above is true and correct.

05/26/23
Date    Charge Party Signature

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)
05/26/2023



GWYNNE L LINK
Notary Public, State of Indiana
Allen County
Commission Number 674570
My Commission Expires
October 22, 2023



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Indianapolis District Office
101 West Ohio St, Suite 1900
Indianapolis, IN 46204
(463) 999-1240
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 11/27/2023

To: AliceJai Brooks
2924 Homedale
Fort Wayne, IN 46816
Charge No: 470-2023-03661

EEOC Representative and email:    FREDERICK BRUBAKER
Enforcement Supervisor
frederick.brubaker@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 470-2023-03661.

On behalf of the Commission,

Digitally Signed By: Michelle Eisele
11/27/2023
Michelle Eisele
District Director

cc:
Gary Johnson
Beckman Lawson
201 West Wayne Street
Fort Wayne, IN 46802

Ilene Smith
Myers Smith Wallace LLP
809 South Calhoun Street
Suite 400
Fort Wayne, IN 46802

Please retain this notice for your records.